IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEN BENITIZ, JR.,

      Plaintiff,

v.                                        No. CIV-07-0747 MV/KBM

CHAVES COUNTY DETENTION CENTER,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against the named Defendant will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in the Chaves County, New Mexico, Detention Center. In his civil rights complaint he names the detention center as the Defendant and alleges that he has been denied necessary medical treatment for diabetes and a hernia. Plaintiff seeks damages and equitable relief.

Plaintiff's complaint does not state a claim against a defendant on which relief can be granted. A detention center is not a suable entity for purposes of 42 U.S.C. § 1983. *See White v. Utah*, No. 00-4109, 2001 WL 201980, at *1 (10th Cir. Mar. 1, 2001) (citing *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) ("Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued.")). The Court will dismiss Plaintiff's claims against the named Defendant. Failure to file an amended complaint or otherwise identify the person or persons who allegedly violated Plaintiff's civil rights may result in dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Chaves County Detention Center are DISMISSED with prejudice; and Defendant Chaves County Detention Center is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint identifying the person or persons who allegedly violated his civil rights.

_____
UNITED STATES DISTRICT JUDGE